**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARY HESKETT LUMAN,

　　　　Plaintiff - Appellant,

v.

JIM FIELDS, Area Director,
Department of Interior, Bureau of
Indian Affairs; JACK CHANEY,
Bureau of Indian Affairs; RANDY
TRICKY, Land Titles and Realty
Property Management; MARY
DOWNING, Bureau of Indian Affairs;
JANET RENO, Attorney General;
BRUCE BABBITT, Secretary of
Interior; and BRUCE GREEN, U. S.
Attorney,

　　　　Defendants - Appellees.

No. 98-7041

(D.C. No. 97-CV-601-S)

(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff filed the present complaint on October 22, 1997.  After review, the trial court dismissed plaintiff's complaint "for the reason that the issues raised by plaintiff's complaint have previously been determined by a decision of this court which was appealed and confirmed, and for the reason that the issues have previously been determined by an administrative decision on which the statute of limitations has run on the appeal time."  R. Vol. 1, Ex. 32.

Despite Plaintiff's attempts to characterize her claim as something other than those in the case decided against her and affirmed on appeal, there is nothing in the record or in her arguments to support that contention.  In addition, the trial court generously construed her complaint as an appeal from a decision against her by the Interior Board of Indian Appeals in 1993.  As the court's order pointed out, the time for appeal of that decision has long ago passed.  Neither the trial court nor this court has jurisdiction to hear such an appeal.

The decision of the trial court is AFFIRMED.  Plaintiff's motion to expedite the appeal is not necessary in view of this decision which ends the matter.

Entered for the Court

Monroe G. McKay
Circuit Judge

-2-